UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARCO DANE ACOFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-00312-MHH-SGC |
| | ) |
| LATONYA CHAMES, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

On December 22, 2020, the magistrate judge entered a report in which she recommended that the Court grant the defendants' motion for summary judgment and dismiss Mr. Acoff's lawsuit concerning black mold and brown recluse spiders at the Calhoun County Jail. (Doc. 36). The magistrate judge reached three conclusions. She found that Mr. Acoff is not entitled to injunctive relief because he no longer is imprisoned at the Calhoun County Jail facility. She found that the individual defendants are immune from the claims against them in their official capacity, and she concluded that the defendants are entitled to judgment in their favor on Mr. Acoff's individual capacity claims because Mr. Acoff has not offered evidence to show that he was injured by the defendants' failure to remedy black mold and brown recluse spiders at the Calhoun County Jail facility. (Doc. 36, pp. 10-11, 15-17). Mr. Acoff filed objections to the report and recommendation on

January 28, 2021, and previously had filed a response in opposition and a motion for sanctions. (Docs. 31, 34, 39).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CRIM. P. 59(b)(3) ("The district judge must consider *de novo* any objection to the magistrate judge's recommendation."). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)). *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

Mr. Acoff objects because he "hasn't been afforded with the full benefit of discovery in this case." (Doc. 39, p. 1). He believes discovery would help him identify evidence to establish the causation element of his claim. Mr. Acoff contends that if discovery had been conducted, it would have shown he "refused" a

medical visit on February 18, 2019, because a nurse told him "it was a common cold" and because he had a history of being charged for a medical visit "but not helped." (Doc. 39, p. 1). He also asserts he did not have $10.00 for the co-pay. (Doc. 39, p. 1). Mr. Acoff's objection pertains to this passage in Judge Cornelius's report:

> Although the plaintiff alleges black mold caused him to "constantly cough[] and spit[] Blackish, Yellow, and Greenish mucus" and suffer upper respiratory problems (Doc. 4 at 1–2), he acknowledged in his April 12, 2019 grievance that his respiratory problems "**may** be linked to breathing this black mold." (Doc. 29-9 at 13) (emphasis added). Lt. Chames actually told the plaintiff that if he was having medical issues he needed to contact the medical department. (*Id.*). The plaintiff did not do so.
>
> In fact, despite months of complaining about black mold, the plaintiff only asked to be seen on one occasion for chest pain, lightheadedness, shortness of breath, yellow/green mucous, and fatigue. (Doc. 29-9 at 16). And when the plaintiff was seen on February 18, 2019, the plaintiff refused treatment. (Doc. 29-7 at 2; Doc. 29-8 at 2). The plaintiff signed a refusal of medical treatment and release of responsibility stating his reason as follows: "Because I don't have any money to keep paying and not getting help." (Doc. 29-8 at 2). There is not a scintilla of evidence in the record the plaintiff would have been refused medical treatment based on an inability to pay.

(Doc. 36, p. 16) (emphasis in report).

The Court overrules Mr. Acoff's objection for two reasons. First, on February 14, 2020, the Court entered an Order for Special Report, which provides instructions and a deadline for obtaining permission from the Court to conduct

3

discovery. (Doc. 22, p. 7). The Court entered that order more than three months before Mr. Acoff filed his opposition to the defendants' summary judgment motion, but Mr. Acoff did not ask for discovery. (Doc. 31). Therefore, Mr. Acoff cannot now complain about the availability of discovery.

Second, Mr. Acoff has not challenged the finding that he asked to be seen at the Calhoun County Jail only one time for complaints of chest pain, lightheadedness, shortness of breath, mucous, and fatigue. (Doc. 36, p. 16; Doc. 29-9, p. 16). He made that request for medical treatment on February 15, 2019. (Doc. 29-9, p. 16). When he visited the jail medical office on February 18, 2019, Mr. Acoff refused treatment, reporting that he did not have money to pay for treatment that was not helping him. (Doc. 29-7, p. 2; Doc. 29-8, p. 2). The magistrate judge found that there was no evidence in the record that Mr. Acoff would have been refused medical treatment "based on an inability to pay," and Mr. Acoff has not contradicted the magistrate judge's finding. Mr. Acoff's lack of treatment and related inability to establish causation seem to be a matter of choice.

Mr. Acoff contends that after he was transferred from the Calhoun County Jail to the Alabama Department of Corrections, he had "a series of chest x-rays and [sinus] exams and after a year it has been determined that what I . . . have . . . is [sinusitis]." (Doc. 39, p. 2). Mr. Acoff argues that these medical records would

4

show " both causation is in this case and the relationship between breathing the black mold and plaintiff's injuries."  (Doc. 39, p. 2).[1]  But even if the medical records do indicate that Mr. Acoff was diagnosed with sinusitis after his transfer, he still cannot establish a causal link between his sinusitis and his exposure to black mold at the Calhoun County Jail without some medical testimony or other medical evidence that would link his sinusitis to mold exposure.

Finally, Mr. Acoff renews his argument that the defendants have committed perjury by "submitting false and malicious statements while under oath," and he draws the Court's attention to his motion for sanctions.  (Doc. 39, p. 3, citing Doc. 31).  Mr. Acoff contends that the defendants submitted false statements in the form of a facility inspection report which indicates that the design capacity for the Calhoun County Jail is 400 inmates, and the actual population of inmates is 390.  (Docs. 31, 34, 39).  This information pertains to Mr. Acoff's initial allegations about overcrowding at the Calhoun County Jail.   As the Court held in its January 9, 2020 memorandum opinion in this case, (Doc. 18), Mr. Acoff could not pursue his overcrowding claim without first filing an amended complaint and paying the full filing fee.  The record does not indicate that Mr. Acoff submitted an amended

---

[1] Although Mr. Acoff requested copies of his medical records, a prison official informed him that the prison charges a $5.00 search fee, $1.00 a sheet for the first 20 pages, and $0.50 for each additional page, which he cannot afford.  (Doc. 39, pp. 2, 5).

5

complaint or a filing fee. Therefore, his arguments relating to alleged overcrowding are not properly before the Court.

Having reviewed the court record, including the report and recommendation and Mr. Acoff's objections, the Court overrules Mr. Acoff's objections, adopts the magistrate judge's report, and accepts her recommendation. Accordingly, the Court grants the defendants' motion for summary judgment (Doc. 29).

The Court will enter a final judgment.

**DONE** and **ORDERED** this March 24, 2021.

_____
 **MADELINE HUGHES HAIKALA**
 UNITED STATES DISTRICT JUDGE